United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. SMITH,

    Plaintiff,

v.

CINEMA 7 CORPORATION,

    Defendant.

No. C 07-04586 CRB

**ORDER GRANTING IFP AND DISMISSING CASE**

Now pending before the Court is plaintiff's application to proceeding *in forma pauperis*. A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable plaintiff to prosecute the action. Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

The Court's grant of plaintiff's application to proceed *in forma pauperis*, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

Plaintiff's complaint fails to state a claim and is frivolous. Since the year 2000, plaintiff has repeatedly and unsuccessfully filed suit against the Mitchell Brothers' establishment; indeed, in February of this year judgment was entered in the United States District Court for the Northern District of California against plaintiff in yet another action. <u>Smith v. Mitchell</u>, 06-3591 SI. In this latest lawsuit plaintiff does not even make a claim; he merely states that Mr. Mitchell died on July 12, 2007 and that he wants to return as a patron of the Mitchell Brothers' establishment. He then demands $5,000,000.00 "if management wants litigation stopped." There is no allegation, however, that he has not been allowed to patronize the Mitchell Brothers' establishment; indeed, the summary judgment record from the case dismissed in February demonstrates that he does regularly patronize the business except when he is asked to leave because of aggressive and disruptive behavior.

Accordingly, plaintiff's complaint filed without the payment of the filing fee is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: Oct. 29, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE